# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**J.P.,**

**Plaintiff,**

vs.

**UNITED STATES OF AMERICA, ET AL.**

**Defendants.**

**Civil Case Number:**
**4:20-cv-00317-AW/MAF**

## DEFENDANT UNITED STATES OF AMERICA'S
## MOTION TO DISMISS AND REQUEST FOR HEARING

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Defendant United States of America moves to dismiss this lawsuit for failure to state a claim upon which relief can be granted and requests this Motion be set for hearing on August 25, 2020. In support thereof, Defendant states as follows:

### BACKGROUND INFORMATION

1. On June 16, 2020, Plaintiff "J.P." filed the above captioned suit against Defendant United States of America, Officer Jimmy Highsmith, Warden T.A. Jones, Warden Craig Coil, SIS Officer Ronald Proffitt, Officer Geoffrey Brown, Officer Manuel Pulido, and Nakamoto Group, Inc. [ECF No. 1].

2. At present, the undersigned attorneys represent Defendant United States of America only.

3. In footnote one of the Complaint, Plaintiff states "these initials, and all initialized references to inmate victims of sexual assault at FCI Tallahassee, are pseudonyms used to protect the subject's identities for personal safety reasons. These persons have legitimate fears of retaliation from correctional officials and/or present or former inmates for making public allegations regarding correctional officers." [ECF No. 1, p. 1].

4. Plaintiff's Complaint includes serious allegations of sexual assault at FCI-Tallahassee.

5. The pseudonyms used in the Complaint, in addition to J.P., are "T.D.," "James," "S.P.," and "K.L." [*See e.g.*, ECF No. 1 at ¶¶ 50, 80, 103, 104].

6. This case is substantially related to *J.C. v. United States, et al.*, Case No. 4:20-cv-00283-AW/MAF. Both Plaintiffs are represented by the same counsel and have sued identical Defendants in each case.

7. Beginning in June 2020, counsel for Defendant United States and counsel for Plaintiff J.P. discussed the issues with their client J.C. proceeding pseudonymously in her lawsuit.

8. Accordingly, Defendant United States filed a Motion to Dismiss, substantively identical to the Memorandum of Law incorporated below. [Case No. 4:20-cv-00283-AW/MAF, ECF No. 15]. Plaintiff J.C. filed a competing Motion to Proceed Pseudonymously. [*Id.* at ECF No. 14]. This Court is set to have a hearing

on those Motions on August 25, 2020. [*Id.* at ECF No. 25].

9. On July 6, 2020, Plaintiff's counsel represented that "they have been authorized to immediately provide you with the full name of J.P., who has been released, is no longer in a half-way house, is home, and is comfortable that she will not be subjected to the type of retaliation that is a fact of life inside." [*Id.* at ECF No. 19-3, p. 2].

10. To date, Defendant United States has not been provided with Plaintiff J.P's identity.

11. Relatedly, Defendant United States filed a Motion to Consolidate the J.C. matter with the above captioned matter, for discovery purposes only. [*Id.* at ECF No. 28]

12. Due to the overlapping issues with pseudonyms in both Complaints, and the pending Motion to Consolidate, Defendant United States requests this Motion also be heard at the August 25, 2020, hearing, given the Court's decision is likely applicable to both lawsuits.

## MEMORANDUM OF LAW

### I.  Standard of Review

"To survive a [Federal Rule of Civil Procedure 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In evaluating such a motion the Court must accept the allegations in the complaint as true and resolve them in the light most favorable to the plaintiff.  *See Bryant v. Avado Brands, Inc.*, 187 F. 3d 1271, 1273 at n.1 (11th Cir. 1999).  However, the Complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and will not "suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  A plaintiff must "nudge [his] claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  A claim is plausible when the plaintiff pleads facts that allow courts "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

  **II.** **Eleventh Circuit Case Law Demonstrates Plaintiff Cannot Proceed Anonymously**

 "Generally, parties to a lawsuit must identify themselves in their respective pleadings."  *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").  The Eleventh Circuit stated that this requirement "serves more than administrative convenience . . . . It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Frank*, 951 F. 2d at 322 (citation omitted).

There are only *limited* circumstances in which a party may file suit anonymously. Indeed, binding Fifth Circuit case law categorized three situations where a party may proceed anonymously: 1) a plaintiff seeking to anonymously challenges governmental activity; 2) prosecution of the suit would compel plaintiffs to disclose information "of the utmost intimacy;" and, 3) a plaintiff would be compelled to admit his own intention to engage in illegal conduct, thereby risking criminal prosecution. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). Later, the Eleventh Circuit clarified that the "ultimate test permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings" and directed courts to consider other factors such as whether the plaintiff was a minor, whether they were threatened with violence, and whether a plaintiff's "anonymity posed a unique threat of fundamental unfairness to the defendant." *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011); *Frank*, 951 F. 2d at 323.

To put all doubts aside, the Eleventh Circuit has already ruled squarely on this issue—whether incarcerated inmates alleging sexual abuse by correctional officers can proceed anonymously. *See Doe v. Sheely*, 781 Fed. App'x 972, 973 (11th Cir. 2019). In *Sheely*, Jane Doe brought a § 1983 action against a correctional officer who sexually assaulted her and the local sheriff who allegedly adopted policies that

allowed that assault to occur. *Id.* at 972–73.  The district court denied plaintiff's Motion to Proceed Anonymously, acknowledging that although personal embarrassment may attach to disclosure of sexual assault allegations, the Eleventh Circuit has held time and again that embarrassment alone is not enough to proceed anonymously. *See Frank*, 951 F. 2d at 324 ("The risk that a plaintiff may suffer some embarrassment is not enough."); *Sheely*, 781 Fed. App'x at 974 ("The district court was entitled to find that although disclosure of the sexual assault would result in personal embarrassment, the disclosure did not involve information of the 'utmost intimacy' as this Court has defined it.").  Accordingly, left with simple accusations that harm may attach to Plaintiff Doe, the district court found, and the Eleventh Circuit affirmed, that she failed to present any evidence that "she would face bodily harm if forced to proceed in her own name[.]"  *Id*.

Analogous to *Sheely*, so too does J.P. claim that she, and other witnesses, have "legitimate fears of retaliation from correctional officials."  [ECF No. 1, p. 1 n. 1]. This broad, unsupported assertion, under binding Eleventh Circuit law, cannot support Plaintiff proceeding anonymously in this lawsuit.  Defendant Highsmith no longer works at FCI-Tallahassee.  Since May 10, 2019, he has worked at the Yazoo City United States Penitentiary, a male facility located in Mississippi.  Further, Plaintiff *herself* has represented that she has been released from federal custody and "is comfortable that she will not be subjected to the type of retaliation that is a fact

of life inside." [Case No. 4:20-cv-00283-AW/MAF at ECF No. 19-3, p. 2]. Additionally, other named Defendants, including Warden Jones, Warden Coil, SIS Agent Proffitt, and Officer Geoffrey Brown have been retired from the Bureau of Prisons for years. Plaintiff has not articulated who would actually pose a threat of physical harm to her safety, or to any of her witnesses. *Compare Jane Doe v. Termaine Aldon Neverson*, No. 20-10265, 2020 WL 4355554, at *4 (11th Cir. July 30, 2020) (unpublished) (reversing the dismissal of Ms. Doe's suit where she submitted an example of "a website post about this lawsuit and eight threatening or harassing comments"). Without more specific evidence as to how disclosing her name will subject her to bodily injury, she cannot proceed anonymously.[1]

Finally, Plaintiff J.P. cannot demonstrate why this is the "exceptional case" where a plaintiff may proceed under a fictitious name. *See Sheely*, 781 Fed. App'x at 973 (internal citations and quotations omitted). Defendant United States notes that numerous other allegations of sexual assault in a prison environment are routinely litigated in the Northern District without plaintiffs resorting to pseudonyms. *See e.g.*, *Morton v. United States, et al.*, Case No. 4:18-cv-00177-RH-MAF (Hinkle, J.); *Alexander v. United States, et al.*, Case No. 4:19-cv-138-RH-MAF (Hinkle, J.); *Kernechel v. United States, et al.*, Case No. 4:20-cv-00078-WS-

---

[1] Further, Defendant United States is unaware of any basis allowing a witnesses to use a pseudonym. Indeed, such practice seems akin to trial by ambush.

MJF (Stafford, J). Further, it is impossible to see how Defendant United States can perform a reasonable inquiry to investigate the allegations in the Complaint in accordance with its obligations under the Rules of Civil Procedure if it is unable to determine the identifying details for such information.[2]  Defendant also notes that there may be interim measures this Court can enact to reduce Plaintiff's concerns, as appropriate, including, filing motions under seal and/or releasing witness names subject to a protective order.

    **WHEREFORE**, Defendant United States respectfully requests the Court to enter an Order, as follows:

    (i)    setting this Motion for hearing on August 25, 2020;

    (ii)    granting this Motion to Dismiss without prejudice;

    (iii)    requiring Plaintiff J.P. to amend her Complaint to file suit in her own name and to identify other witnesses in her Amended Complaint;

    (iv)    allowing Defendant United States 45 days after the filing of Plaintiff's Amended Complaint to investigate the claims in order to formulate a responsive pleading;

---

[2] Additionally, without disclosure of Plaintiff's name, the undersigned cannot appropriately refer these serious allegations to the United States Attorney's Office Criminal Division.

(v) alternatively, requiring Plaintiff to show cause as to why she has personal safety concerns, and permitting Plaintiff to file pleadings under seal and/or a protective order;

(vi) and granting any other relief it deems just and proper.

Respectfully submitted,

LAWRENCE KEEFE
United States Attorney

*/s/ Marie A. Moyle*
**MARIE A. MOYLE, ESQ.**
Assistant United States Attorney
Florida Bar No. 1003498
Email: marie.moyle@usdoj.gov
**KATHRYN W. DREY, ESQ.**
Assistant United States Attorney
Florida Bar No. 142492
Email: kathryn.drey@usdoj.gov
**MARY ANN COUCH, ESQ.**
Assistant United States Attorney
Florida Bar No. 0098917
Email: mary.ann.couch@usdoj.gov
111 N. Adams Street, 4th Floor
Tallahassee, FL  32301
Telephone:  85-942-8430
Fax:  850-942-8466
Counsel for the United States of America

## LOCAL RULE 7.1(F)

I HEREBY CERTIFY that this memorandum contains 1,742 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

## LOCAL RULE 5.1(F) CERTIFICATION

I HEREBY CERTIFY that a copy of the foregoing Motion has been furnished via CM/ECF to all interested parties, this 31st day of July, 2020.

/s/ Marie A. Moyle
Marie A. Moyle
Assistant U.S. Attorney