United States District Court

For the Northern District of Florida

Civil Case No. 4;20-cv-00317-AW-MAF

**J.P**

**Plaintiff**

**Vs.**

**United States of America, Jimmy Highsmith, Warden, T.A. Jones, Warden Craig Coil, SIS officer Ronald Proffitt, Officer Geoffrey Brown, Officer Manuel Pulido and Nakamoto Group, Inc.**

**Response to Civil Action No: 4:20-cv-00317-AW-MAF by The Nakamoto Group, Inc.**

**Count V- Negligence (The Nakamoto Group, Inc)**

a) Nakamoto Group had a contractual agreement with the Bureau of Prisons (BOP) to conduct the Prison Rape Elimination Act (PREA) audit at BOP facilities. Audits consisted of a three day onsite review and the filing of a report referencing compliance or non-compliance with the PREA rules to the BOP. Each facility was reviewed _once_ every three years. FCI Tallahassee was reviewed in June of 2015 and March 2018.

b) The reports that are completed are confidential and as required by our BOP contract submitted to the BOP and become their sole property. Moreover since Nakamoto is no longer under contract with the BOP, at the conclusion of the contract we were required to destroy all our copies of documents and working papers associated with any and all PREA audits performed for the BOP.

c) Pg 41 – Nakamoto received an average of $ 5,900.00 per audit from the BOP. This amount covers all costs associated with an auditor travelling to the facility, labor costs associated with conducting the audit by the inspector, administrative support, management review of the completed report and other overhead costs.

d) While at the BOP facility during a BOP PREA review our assigned auditor reviews policies, procedures, activities, and interview a random sampling of staff and inmates over the course of three days.

e) Once the report was submitted to the BOP, Nakamoto's contractual requirements were fulfilled, and we did not return to the facility nor review any further actions or claims on the part of the facility, its staff or individuals held at the facility.

f) The audit report provides the facility the auditor's findings regarding compliance with the ***PREA standards at a point in time.***

g) During onsite audits, Nakamoto had no jurisdiction, supervisory or otherwise over the employees of the facility. All the findings noting **compliance or non-compliance only**, were reported in the final report that was submitted to the BOP.

*h)* With Reference to Nakamoto's hiring procedures: All Nakamoto auditors who conducted the PREA audits at BOP facilities had attended a rigorous training session conducted by an independent Department of Justice (DOJ) entity and were tested and certified by that DOJ entity. Each Nakamoto auditor had to maintain that certification by participating in regular continuing education programs offered by the DOJ. Furthermore, as required by Nakamoto's contract with the BOP, the auditor's certification had to be current in order to be allowed to conduct an audit.

i) ***Pg. 16 - #80 - #95 of the Civil Action No: 4:20-CV-317 – details actions which took place months after the last Nakamoto PREA inspection of the facility in March 2018.***

j) Nakamoto is no longer contracted to perform PREA audits at BOP facilities. However, for the duration of contract, Nakamoto completed the required actions stipulated in terms of the contract.

## Count VI – Breach of Contract (Nakamoto Group, Inc.)

The Nakamoto Group was contracted to provide services to the Bureau of Prisons (BOP). No tenets of the contract allowed Nakamoto to adjudicate a transgression that occurred at the facility, enforce any action regarding breaching the PREA Rule or adjudicating outcomes in an investigation undertaken by the facility/agency.

Nakamoto is prohibited by contract from resolving any concerns that arise from the audit process. Any Corrective Action Plans (CAP's) are developed and completed by the facility and the BOP.

In light of the above facts, we request the court to dismiss all charges against the Nakamoto Group, Inc.

*We hereby certify that a copy has been furnished by electronic mail as well as certified mail to the Plaintiff's attorney on Friday, August 14th, 2020.*

Sincerely,

*[signature]*

Jennifer Nakamoto
President
The Nakamoto Group

